IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERONICA WHITAKER,
    Plaintiff,

vs.

WINTER GARDEN OPCO, LLC,
et al.
    Defendants.
_____/

Case No.:
6:24-cv-02102-GAP-RMN

### DEFENDANTS ROSECASTLE MANAGEMENT, LLC AND ALG SENIOR, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Rosecastle Management, LLC (hereinafter "Rosecastle"), and ALG Senior, LLC (hereinafter "ALG"), by and through their undersigned counsel, and hereby reply in support of their Motion for Summary Judgment as follows:

**I.    PLAINTIFF'S AGENCY CLAIM FAILS**

There is no summary judgment evidence before this Court supporting any of the three elements of Plaintiff's agency theory of liability, and Plaintiff's opposition fails to meaningfully challenge that conclusion.

    A.    <u>There was no acknowledgement by Rosecastle or ALG that either David Hopkins or Lindsey Collins was acting on its behalf.</u>

There is absolutely no record evidence establishing this mandatory element of Plaintiff's claim. Plaintiff does not even attempt to challenge this

conclusion, conceding the point. Her opposition does not cite to any record evidence establishing that either Rosecastle or ALG acknowledged that either David Hopkins or Lindsey Collins was acting for it when they made the subject communications. The first element of Plaintiff's agency claim is completely unsupported by the record evidence.

    B.    <u>There was no acceptance by either David Hopkins or Lindsey Collins that they would act on behalf of either Rosecastle or ALG in connection with the communications at issue.</u>

There is no record evidence that either David Hopkins or Lindsey Collins manifested in any way an acceptance that they were acting for Rosecastle or ALG when they made the subject communications. Plaintiff's opposition also fails to address this element, instead choosing to focus exclusively on a purported LinkedIn page that is inadmissible hearsay, but even if it were somehow admissible it still has nothing whatsoever to do with the communications at issue. Nothing demonstrates an acceptance by either David Hopkins or Lindsey Collins that they were acting on behalf of either Rosecastle or ALG when they made the communications at issue. As a result, Plaintiff has failed to prove another mandatory element of her agency claim.

    C.    <u>Rosecastle and ALG did not control the making of any of the subject communications.</u>

Plaintiff's opposition does not address control by either Rosecastle or ALG over the action of either David Hopkins or Lindsey Collins in making

the subject communications. There is absolutely no evidence that anyone affiliated with either Rosecastle or ALG influenced David Hopkins or Lindsey Collins to make either communication. This element of Plaintiff's agency claim has also been conceded by Plaintiff's failure to argue the point.

## II.   PLAINTIFF'S JOINT VENTURE CLAIM FAILS

Plaintiff's opposition fails to point out any record evidence supporting more than one of the mandatory elements she must prove in order to prevail. Her joint venture claim therefore fails as a matter of law.

### A.   There is no duty to share in any losses from Golden Pond

Plaintiff makes a perfunctory and specious argument in her opposition to attempt to overcome the total absence of any summary judgment evidence suggesting that either Rosecastle or ALG had any duty to share in any losses sustained by OPCO in the operation of Golden Pond. She argues that since OPCO agreed to pay Rosecastle a monthly fee for consulting services, and since that payment is deferred if OPCO does not have sufficient cash flow to pay, that means that Rosecastle somehow suffers a loss if OPCO experiences reduced cash flow. There are multiple problems with this flimsy argument.

First and foremost, Plaintiff's argument addresses Rosecastle only. Apparently Plaintiff concedes that ALG has no duty to share in any losses

3

sustained by OPCO, because Plaintiff does not even make a halfhearted argument in her opposition with regard to ALG.

Plaintiff also fails to recognize that if Rosecastle is not paid its monthly consulting fee in a given month, Rosecastle does not experience a loss. Instead, Rosecastle fails to receive revenue it was expecting. From both an accounting point of view as well as simple logic, those are not the same thing. Rosecastle does not expend any money, nor does it deplete any assets – there is no loss. Even more importantly, Rosecastle is still owed that money, plus accruing interest. Not only is there no loss, the amount owed Rosecastle continues to increase.

Moreover, even if Rosecastle having to wait for its money were properly considered a loss, that is a far cry from "sharing losses" with OPCO. At worst, it is OPCO not being able to afford to pay its creditors. By Plaintiff's logic, the electric company also has the duty to share in losses with OPCO if OPCO fails to pay its monthly electric bill. That is a perversion of the concept of "sharing losses" for purposes of joint venture liability.

Plaintiff has completely failed to create a genuine issue of material fact on this point. The Court need inquire no further, since the failure to prove each and every element of the test for joint venture means that Plaintiff cannot prevail as a matter of law and therefore both Rosecastle and ALG are

4

entitled to summary judgment in their favor. And yet this is not the only element that Plaintiff has failed to prove.

B. There was no right to share in any profits from Golden Pond.

With regard to the contention that Rosecastle and ALG have a right to share in any profits generated by OPCO from the operation of Golden Pond, Plaintiff's opposition simply offered the converse of her specious argument with regard to the duty to share losses. According to Plaintiff, because Rosecastle's monthly consulting fee is higher if OPCO's gross revenue is higher, that means Rosecastle has the right to share in OPCO's profits. Again, Plaintiff is simply wrong.

Plaintiff's opposition is again silent with regard to ALG, again conceding the point. There remains no evidence of any money at all paid by OPCO to ALG, for any reason, whatsoever. There is no evidence of any sharing of profits with ALG at all.

Plaintiff ignores – and hopes this Court will join her in ignoring – the basic fact that revenue is different from profit. The monthly payment to Rosecastle is based on a percentage of gross revenue – not profit. It does not take into account expenses at all, so it cannot be characterized as a sharing of profits in any meaningful way. And yet that is Plaintiff's entire argument.

There is no evidentiary support for Plaintiff's claim that Rosecastle and ALG enjoy a right to share in OPCO's profits. Rosecastle and ALG are therefore entitled – again – to summary judgment in their favor as a matter of law since Plaintiff cannot prevail on her joint venture claim without proving each mandatory element.

C. There was no joint proprietary interest in Golden Pond

Plaintiff's opposition did not create a genuine issue regarding a joint proprietary interest in Golden Pond among OPCO, Rosecastle, and ALG.

Plaintiff makes no claim regarding Rosecastle, conceding the point.

Plaintiff argues that ALG purchased Golden Pond, relying exclusively on a promotional press release from an investment bank. However, the transaction documents that actually accomplished the transfer of Golden Pond show that the legal entity that acquired Golden Pond was not ALG, nor was it Rosecastle. *See, e.g.*, Doc. 70-3 at 42, 44-47, 78-79. ALG was not even a party to the transaction. The deposition testimony of ALG was clear and unequivocal, as conceded by Plaintiff: ALG was not the entity that acquired Golden Pond. Doc. 70-3 at 48-50. A promotional press release does not create a genuine dispute when it conflicts with the legal documents that actually memorialize the transaction at issue. An investment bank can say whatever it wants, but if the legal documents say ALG was not the entity that

purchased Golden Pond, there is no genuine dispute: ALG was not the entity that purchased Golden Pond.

WHEREFORE, Defendants Rosecastle Management, LLC, and ALG Senior, LLC, respectfully request that this Honorable Court grant Final Summary Judgment in their favor, together with such other relief as the Court considers appropriate.

Respectfully submitted,

**BURNS WHITE LLC**

_____
**EDWARD J. CARBONE**
Florida Bar No. 0068020
One Urban Centre
4830 W. Kennedy Blvd., Suite 280
Tampa, FL 33609
Telephone: (813) 359-6200
Facsimile: (813) 359-6201
ejcarbone@burnswhite.com
bshaffalo@burnswhite.com
kamcann@burnswhite.com
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically served on this 11th day of December 2025 to all counsel of record, through this Court's electronic CM/ECF system.

_____
**EDWARD J. CARBONE**

7